UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE LEE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6256** |
| **SHERIFF AUBREY JONES, ET AL.** | **SECTION "F" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Jimmie Lee Brown, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Aubrey Jones, Dennis Wheat, Wally Cummings, and Louella Nicholes. In this lawsuit, plaintiff claims that he was not given diabetic snacks at the Washington Parish Jail as ordered by a physician.

Jones, Wheat, and Cummings filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 arguing, *inter alia*, that plaintiff failed to exhaust his administrative remedies with respect to his claims.[1] Nicholes did not join in that motion; however, the Court placed plaintiff on notice that it was considering also recommending the granting of summary judgment *sua sponte* in her favor on

---

[1] Rec. Doc. 10. Because the undersigned finds that summary judgment should be granted on that basis, it is unnecessary to consider the alternative grounds for dismissal argued by defendants.

that same ground.[2] Although plaintiff was given the opportunity to oppose the granting of summary judgment with respect to all defendants, he has filed no opposition.

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning

---

[2] Rec. Doc. 12. "Federal District Courts are empowered to enter summary judgment *sua sponte* so long as the losing party has ten days notice to come forward with all of its evidence in opposition to the motion." Harken Exploration Co. v. Sphere Drake Insurance PLC, 261 F.3d 466, 477 (5th Cir. 2001) (internal quotation marks and citations omitted).

an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

As noted, defendants argue in their motion that plaintiff failed to exhaust his administrative remedies with respect to his claims. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[3]  Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

---

[3] As used in that section, the term "prisoner" includes pretrial detainees. 42 U.S.C. § 1997e(h).

3

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*.[4]

In support of their motion, defendants have submitted evidence establishing that the Washington Parish Jail has a three-step administrative remedy procedure. Under that procedure, an inmate submits a written grievance to the Shift Supervisor, who then responds to the complaint. If the inmate is dissatisfied with that response, he may appeal to the warden. If the inmate is dissatisfied with the warden's response, the inmate may then file an appeal with the sheriff. Once the sheriff responds, the administrative remedy procedure is complete.

---

[4]   Rec. Docs. 2 and 3.

4

The defendants have also submitted evidence, in the form of an affidavit from Warden Dennis Wheat, that plaintiff never filed a grievance or appeal regarding the denial of diabetic snacks.

Plaintiff has neither rebutted defendants' evidence nor opposed the granting of summary judgment in any manner whatsoever.

In light of the foregoing, it is clear that plaintiff failed to exhaust his administrative remedies with respect to his claims prior to filing this lawsuit. To allow him to proceed directly to federal court on his claims would not only violate the letter of the law but also the clear congressional intent of § 1997e(a). The United States Supreme Court has noted:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...
> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that defendants' unopposed motion for summary judgment be **GRANTED**. It is **FURTHER RECOMMENDED** that plaintiff's claims against all defendants be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative

5

remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of April, 2007.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**